

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  *(203)821-3700*
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

December 1, 2022

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235

    Re:    United States v. By Trade OÜ
            Case No. 3:22CR110(VAB)

Dear Mr. Litvak:

       This letter confirms the plea agreement between your client, By Trade OÜ (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

       By Trade OÜ, agrees to plead guilty to Counts One and Four of the Indictment against the defendant, charging By Trade OÜ with a Conspiracy to Violate the Export Control Reform Act, in violation of Title 18, United States Code, Section 371 (Count One), and with International Money Laundering Conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Four).

       The defendant understands that to be guilty of a Conspiracy to Violate the Export Control Reform Act, the following essential elements of the offense must be satisfied:

1. Two or more persons entered into an unlawful agreement to cause the export or reexport of an item on the Commerce Control List without first obtaining a license from the U.S. Department of Commerce;

2. The defendant knowingly and willfully became a member of the conspiracy and did so with the intention of furthering an objective of the conspiracy; and

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

> 3. During the conspiracy, the defendant or one of its co-conspirators knowingly engaged in at least one overt act with the purpose of carrying out or accomplishing some object of the conspiracy.

The defendant also understands that to be guilty of International Money Laundering Conspiracy, the following essential elements of the offense must be satisfied:

> 1. Two or more persons entered into an unlawful agreement to transport, transmit, transfer, or attempt to do so, a monetary instrument or funds, from a place in the United States to or through a place outside the United States which the defendant knew represented the proceeds of some form of unlawful activity, with the intent to promote the unlawful activity or to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, and
>
> 2. The defendant knowingly and willfully became a member of the conspiracy and did so with the intention of furthering an objective of the conspiracy.

## THE PENALTIES

### Probation

With respect to both Count One and Count Four, pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

### Fine

For Count One, the defendant may be fined pursuant to 18 U.S.C. § 3571(c) not more than the greatest of (1) $500,000; (2) twice the gross pecuniary gain to the defendant resulting from the offense; or (3) twice the gross pecuniary loss resulting from the offense.

For Count Four, the defendant may be fined pursuant to 18 U.S.C. § 3571(c) not more than the greatest of (1) $500,000; (2) twice the value of the monetary instrument or funds involved in the transmission involved in the transaction; (3) twice the gross pecuniary gain to the defendant resulting from the offense; or (4) twice the gross pecuniary loss resulting from the offense.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013(a)(2)(B) to pay a special assessment of $400 on each count of conviction, for a total of $800. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

The parties agree that restitution is not applicable in this case.

### Interest, penalties, and fines

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. §§ 3572(h), (i) and 3612(g).

Forfeiture

Pursuant to Title 18, United States Code, Section 982(a)(1), and based on By Trade OÜ's commission of the illegal acts of international money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h), as charged in Count Four of the Indictment, the defendant agrees to forfeit a sum of money in the amount of three hundred twelve thousand one hundred ninety two Euros and 44 cents (€312,192.44) and up to any profits determined by the Court.

Defendant agrees to make payment in full of the foregoing money judgment forfeiture, in the form of a wire transfer/bank check to the U.S. Border and Customs Service by at least 30 days prior to sentencing in this matter. The United States will agree to reasonable continuances of the sentencing date as needed by the defendant in order to arrange for and make timely payment, at least 30 days prior to the rescheduled sentencing date, of the agreed-upon money judgment forfeiture. If the said money judgment amount has not been paid as of the date of sentencing, the agreed-upon money judgment forfeiture shall nonetheless become a part of the judgment of sentence, and the United States shall be entitled pursue the seizure and forfeiture of any and all substitute assets in order to satisfy the money judgment forfeiture, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).

The defendant agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that it understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise it of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time By Trade OÜ's guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also understands and agrees that by virtue of By Trade OÜ's plea of guilty, By Trade OÜ waives any rights or cause of action to claim that it is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**THE SENTENCING GUIDELINES**

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that it has no right to withdraw its guilty plea if its sentence or the guideline application is other than it anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree that the defendant's sentence is not governed by the Sentencing Guidelines. That is because, although the offense conduct to which the defendant is pleading guilty is covered by § 2M5.1, that Guideline is not listed in § 8C2.1, which governs fines for organizations. Accordingly, pursuant to § 8C2.10, the sentence is determined by applying 18 U.S.C. §§ 3553 and 3572.

### Joint Fine Agreement

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government and the defendant agree that they will recommend, as the appropriate disposition of this case, that the Court impose, no criminal fine ("the recommended fine"). The Government and the defendant agree that no criminal fine is an appropriate sentence in this case pursuant to 18 U.S.C. §§ 3553 and 3572. In assessing the appropriate fine, the parties acknowledge that the defendant and its agents have agreed to forfeit assets of approximately $300,000, which constitute all the current assets of the defendant, but which will not be available to pay a fine.

The defendant understands that the Court is not bound by the parties' agreement on the recommended fine. The defendant further understands that it will not be permitted to withdraw its guilty plea if the Court does not impose the jointly recommended fine contained in this agreement.

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The defendant acknowledges and agrees that it is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if it pleads guilty, the Court may ask questions about each offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, the answers may later be used against it in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances it is entitled to challenge its conviction. By pleading guilty, the defendant waives its right to appeal or collaterally attack its conviction in any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255

5

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

and/or 2241. In addition to any other claims it might raise, the defendant waives its right to challenge its conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, it is entitled to challenge its sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255 and/or 2241, if that sentence does not exceed five years' probation, a $800 special assessment, a fine of up to $1,838,184, forfeiture of $300,000 even if the Court imposes such a sentence based on an analysis different from that specified above. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## DISQUALIFICATION, EXCLUSION, SUSPENSION OR DEBARMENT CONSEQUENCES OF PLEA

The defendant understands that it may be subject to disqualification, exclusion, suspension or debarment action by private entities, state or federal agencies, including the Department of Commerce's Bureau of Industry and Security, Department of State's Directorate of Defense Trade Controls, and Department of Treasury's Office of Foreign Asset Control, based upon the conviction resulting from this plea agreement, and that this plea agreement in no way controls what action, if any, other entities or agencies may take. The defendant nevertheless affirms that it wants to plead guilty regardless of any disqualification, exclusion, suspension or debarment consequences of its plea.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and itself (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

## COLLATERAL CONSEQUENCES

The defendant understands that it will be adjudicated guilty of the offense to which it has pleaded guilty. The defendants understand that the Government reserves the right to notify any state or federal agency by which it is licensed, or with which it does business, of the fact of this conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy its federal criminal liability of the defendant in the District of Connecticut as a result of its participation in schemes in Connecticut and elsewhere which forms the basis of the Superseding Indictment in this case.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw its guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

      This letter shall be presented to the Court, in open court, and filed in this case.

                                            Very truly yours,

                                            VANESSA ROBERTS AVERY
                                            UNITED STATES ATTORNEY

                                            *Rahul Kale*
                                            RAHUL KALE
                                            ASSISTANT UNITED STATES ATTORNEY

December 1, 2022
Letter to Igor Litvak, Esq.

The defendant certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had ample time to discuss this agreement and its attachment(s) with counsel and that it fully understands and accepts its terms.

_____       12.01.2022
BY: TRADE OÜ                          Date
The Defendant
By: Jekaterina Loktajeva
Its Duly Authorized Representative

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that it understands and accepts its terms.

_____       12/01/2022
IGOR LITVAK, Esq.                      Date
Attorney for the Defendant

9

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant, By Trade OÜ and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Counts One and Four of the Indictment:

1. Whenever in this stipulation reference is made to any act, deed, or transaction of By Trade OÜ, the stipulation means that By Trade OÜ engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

2. Beginning at least as early as April 2018 and continuing until as late as April 27, 2022, in the District of Connecticut and elsewhere, By Trade OÜ, knowingly entered into and engaged in a combination and conspiracy to willfully cause to be exported and reexported from the United States to Russia a Moore 500 Series CPWZ Precision Jig Grinder (hereinafter "Jig Grinder"), knowing that such export and reexport to Russia was contrary to the laws and regulations of the United States.

3. The Jig Grinder is a high-precision grinding machine system that is controlled by means of a computer, and it is capable of generating a wide variety of ground holes, contours and surfaces through the combined motion of multiple programmable axes. It is manufactured and sold by a U.S. corporation with offices in the District of Connecticut.

4. The Jig Grinder is subject to the Export Administration Regulations ("EAR"), is on the Commerce Control List, and is classified by Export Control Classification Number ("ECCN") 2B201.c. for nuclear nonproliferation reasons. The Jig Grinder does not require a license from the U.S. Department of Commerce for export to Latvia, but does require a license from the U.S. Department of Commerce for export and reexport to Russia.

5. On or about April 11, 2019, By Trade OÜ sold the Jig Grinder to a Russian company for € 1,400,000 (approximately USD $1,548,292).

6. By Trade OÜ did not have the Jig Grinder but used funds wired to it from the Russian company, €710,000, to purchase the Jig Grinder from SAPPHIRE UNIVERSAL, LLP "SAPPHIRE"), a company in Latvia, knowing that SAPPHIRE was in the business of obtaining dual use items from the United States for sale in Russia. By Trade OÜ purchased the Jig Grinder from the SAPPHIRE for € 1,238,200 (approximately USD $1,338,184).

7. Between July 2019 and October 2019, By Trade OÜ wire transferred € 1,238,200 (approximately USD $1,338,184) to SAPPHIRE for the purchase of the Jig Grinder from the United States. The parties stipulate that $1,338,184 is the gross gain for purposes of sentencing.

8. By Trade OÜ was aware that SAPPHIRE used a second Latvian company, CNC WELD, as the claimed recipient and end-user of the Jig Grinder because no license was required to export the Jig Grinder to Latvia from the United States. By Trade OÜ knew that CNC WELD was never to receive or use the Jig Grinder.

10

*December 1, 2022*
*Letter to Igor Litvak, Esq.*

9. On September 8, 2021, a representative of By Trade OÜ provided a false statement to Estonian authorities about the Jig Grinder transaction in order to cover up its involvement in the criminal conduct of exporting.

This written stipulation are part of the plea agreement. The Government and the defendant reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
BY TRADE OÜ.
The Defendant
By
Its Duly Authorized Representative

_____
RAHUL KALE
ASSISTANT U.S. ATTORNEY

_____
IGOR LITVAK, ESQ.
Attorney for the Defendant

12/01/2022
Date

11