UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,                              Case No. 3:22CR110(V.A.B.)

        - against –                                              **SENTENCING MEMORANDUM**

BY TRADE OÜ,

        Defendant.
-------------------------------------------------------------------X

Defendant BY TRADE OÜ ("Defendant"), by and through counsel, respectfully submits this sentencing memorandum to assist the Court with his sentencing.

I. **HISTORY AND CHARACTERISTICS OF DEFENDANT AND NATURE OF THE CRIME**

Defendant By Trade OÜ is based in Tallinn, Estonia. The defendant was established on August 5, 2013, and the company was involved in the import/export of electronic equipment. Due to the instant prosecution, Defendant expects to initiate the liquidating proceeding soon after sentencing in this case. According to Defendant's Business Financial Statement dated December 30, 2022, it has one asset, €303,477.96 Euros held in a Luminor Bank account, which is a Latvian bank. As such, it will become defunct as a result of the forfeiture in this matter and will cease operations.

The nature of the Defendant's offenses is the following: beginning at least as early as April 2018 and continuing until as late as April 27, 2022, Defendant knowingly entered into and engaged in a combination and conspiracy to willfully cause to be exported and reexported from the United States to Russia a Moore 500 Series CPWZ Precision Jig Grinder, knowing that such export and reexport to Russia was contrary to the laws and regulations of the United States.

Specifically, on or about April 11, 2019, Defendant sold the Jig Grinder to a Russian company for €1,400,000. Defendant did not have the Jig Grinder but used funds wired to it from the Russian company, €710,000, to purchase the Jig Grinder from SAPPHIRE

UNIVERSAL, L.L.P., a company in Latvia, for €1,238,200, approximately U.S. $1,338,184. The parties here stipulated that $1,338,184 is the gross gain for purposes of sentencing.

Pursuant to the written plea agreement, on December 1, 2022, Defendant pled guilty to Counts One and Four of the Indictment against Defendant, charging Defendant with a Conspiracy to Violate the Export Control Reform Act, in violation of Title 18, United States Code, Section 371 (Count One), and with International Money Laundering Conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Four).

Further, pursuant to Title 18, United States Code, Section 982(a)(l), and based on Defendant's commission of the illegal acts of international money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h), as charged in Count Four of the Indictment, Defendant agrees to forfeit a sum of money in the amount of three hundred twelve thousand one hundred ninety-two Euros and 44 cents (€3l2, 192.44) and up to any profits determined by the Court. Defendant agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Pursuant to Fed. R. Crim. P. 11(c)(l)(B), the Government and Defendant agreed that they will recommend that the Court impose no criminal fine, in this case, pursuant to 18 U.S.C. §§ 3553 and 3572. In assessing the appropriate fine, the parties acknowledge that Defendant and its agents have agreed to forfeit assets of approximately €3l2,192.44, which constitute all the current assets of Defendant, but which will not be available to pay a fine.

On December 13, 2022, Defendant's counsel filed its Motion to Authorize Defendant's Attorney's Fees to be paid from the funds subject to forfeiture, in the amount of

$25,800. This Motion is still pending before this Court.

On March 6, 2023, The Government moved for a Final Order of Forfeiture on the amount of €312,192.44, Dkt. # 69, that motion is also still pending.

It should be noted, as Probation acknowledged in its Pre-Sentencing report, that "By Trade OÜ was cooperative in the investigation of the instant offense and clearly demonstrated recognition and affirmative acceptance of responsibility for its actions in the offense of conviction." P.S.R. at ¶25.

## II. GUIDELINES CALCULATION

The Supreme Court has made it clear that a district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which is the "starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 457 (2007).

In Defendant's Presentence Report, the Probation essentially recommends that the Court impose the sentence the parties stipulated in the Plea Agreement, to wit, that By Trade OÜ would forfeit three hundred twelve thousand one hundred ninety-two Euros and 44 cents (€312,192.44) and up to any profits determined by the Court. Additionally, the Probation recommends that the Court does not impose a fine since "it is readily ascertainable that the defendant cannot pay a fine in addition to the agreed upon forfeiture." P.S.R. at ¶42. Finally, the Probation, while acknowledging that a sentence of probation for "not less than one, nor more than 5 years" is available under 18 U.S.C. § 3561(c)(1) and USSG §8D1.2(a)(1), it does not specifically recommend it. Id. at ¶¶43-44.

Neither Defendant nor the Government filed any objection to the P.S.R.

## III. TRADE OÜ'S SENTENCE

In light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) and its progeny such as Rita v. United States, 551 U.S. 338 (2007), Gall v. United States, 552 U.S. 38 (2007), and Kimbrough v. United States, 552 U.S. 85 (2007), the basic framework

for sentencing now settled. First, the Court must determine the now-advisory Sentencing Guidelines range. <u>Gall v. United States</u>, 552 U.S. at 46. Second, the Court must undertake its overarching statutory charge to impose a sentence that, considering "the nature and circumstances of the offense and the history and characteristics of the defendant," is "sufficient, but not greater than necessary":

> (A) to reflect the seriousness of the
> offense, to promote respect for the law, and
> to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes
> of the Defendant and
>
> (D) to provide the Defendant with needed
> educational or vocational training, medical
> care, or other correctional treatment in the
> most effective manner.

18 U.S.C. §§ 3553 (a), 3553 (a)(1),(2).  Third, the Court should also consider "the kinds of sentences available . . . any pertinent Sentencing Commission policy statement the need to avoid unwarranted sentence disparities among similarly situated defendants . . . and, where applicable, the need to provide restitution to any victims of the offense." <u>United States v. Cavera</u>, 550 F.3d 180, 188-89 (2d Cir. 2008), <u>cert. denied</u>, 556 U.S. 1268 (2009)(citations omitted); 18 U.S.C § 3553(a)(6). <u>United States v. Davila-Gonzalez</u>, 595 F.3d 42, 46 (1st Cir. 2010)("[A] sentencing court ordinarily should begin by calculating the applicable guideline sentencing range; then determine whether or not any departures are in order; then mull the factors delineated in 18 U.S.C. § 3553(a) as well as any other relevant considerations; and, finally, determine what sentence, whether within, above, or below the guideline sentencing range, appears appropriate.")

As the Guidelines "are not the only consideration," the district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested

by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. at 49-50 (footnote and internal citations omitted)(emphasis added).

The Guidelines should not be given more or less weight than any other factor. See United States v. Carty, 520 F.3d 984, 991 (9th Cir.), cert. denied, 553 U.S. 1061 (2008). See also Nelson v. United States, 555 U.S. 350, 352 (2009)*(per curiam)* ("The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable.") (emphasis in original). A court "must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." Cavera, 550 F.3d at 189. As a result, a sentencing court is "generally free to impose sentences outside the recommended range." United States v. Sanchez, 517 F.3d 651, 660 (2d Cir. 2008)(a district court has broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence."); United States v. Daidone, 124 Fed. Appx. 677, 678 (2d Cir. 2005)(as the Guidelines are no longer mandatory, a departure is no longer necessary in order for the sentencing court to impose a sentence below the Guidelines range). The Court's overall goal should be to impose a reasonable sentence, see, e.g., United States v. Guzman, 287 Fed. Appx. 956, 957 (2d Cir. 2008), and when considering the sentencing factors outlined in § 3553(a), "the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances." United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

To be sure, the Guidelines range as determined by the Court, although not mandatory is an important factor for the Court to consider. However, "[i]t is important, too, to realize that departures are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some respect, the rigidity of the Guidelines themselves. District judges, therefore, need not shrink from utilizing departures when the opportunity presents itself and when circumstances require such action to bring about a fair and reasonable

sentence." United States v. Gaskill, 991 F.2d 82, 86 (3rd Cir. 1993). "The Guidelines are not a straightjacket for district judges." United States v. Cook, 938 F.2d 149, 152 (9th Cir. 1991). The Sentencing Guidelines "do not require a judge to leave compassion and common sense at the door to the courtroom." United States v. Milikowsky, 65 F.3d 4, 9 (2d Cir. 1995).  Finally, the United States Supreme Court has noted "[i]t has been uniform and constant the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996).

Here, Defendant respectfully requests that the Court impose a sentence stipulated by the parties in the Plea Agreement, i.e., that Defendant would forfeit assets of approximately €3l2,192.44, and no fine would be imposed. It is indisputable that Defendant has been cooperative in the investigation of the instant offense and clearly demonstrated recognition and affirmative acceptance of responsibility for its actions. Moreover, due to its financial resources, Defendant will not be able to pay any fine if ordered by the Court. Finally, it would be impractical to order probation since Defendant, as a business entity, will be liquidated soon.

## CONCLUSION

For all these reasons, Defendant respectfully requests that the Court impose a sentence described in detail above. This sentence would be sufficient but not greater than necessary to achieve the goals and dictates of 18 U.S.C. § 3553.

Dated:  March 23, 2023                                   Respectfully Submitted,
      Brooklyn, NY                                              /s/ Igor B. Litvak

                                                Igor B. Litvak, Esq.
                                                Attorney for Defendant Trade OÜ
                                                1733 Sheepshead Bay Road,  Suite 22
                                                Brooklyn, NY 11235
                                                Tel/Fax: (718) 989-2908
                                                Email: Igor@LitvakLawNY.com

cc: Clerk of the Court (by E.C.F.)
All counsel of record (by E.C.F.)